UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
98-CR-43(JMR/FLN)
[redacted]
00 cv 2353

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Jared Chris Warren | ) | |

Jared Chris Warren filed a petition challenging his conviction and sentence on October 20, 2000, pursuant to 28 U.S.C. § 2255. The government responded on January 25, 2001. On February 6, 2002, the Court granted Warren's request for an extension of time in which to amend his petition. The supplementary petition was filed on May 24, 2001. On June 11, 2001, Warren moved for an extension of time in which to reply to the government's response to his § 2255 motion and, on November 13, 2001, he moved for leave to supplement his § 2255 motion once again, allegedly based on newly discovered evidence.

Warren's requests for leave to file a reply and an additional supplement are denied. He has not cited any evidence as "newly discovered," but merely rehashes his prior legal arguments under this heading. For the following reasons, his original request for habeas relief is also denied.

I. Background

Jared Chris Warren was indicted on March 4, 1998, in a one-count indictment charging him with possession with intent to distribute more than 50 grams of crack cocaine. On July 22, 1999,

FILED
RICHARD D. SLETTEN, CLERK
2002
JUDGEMENT ENTERED APR
DEPUTY CLERK'S INITIALS

a jury found Warren guilty as charged. On August 4, 1999, he was sentenced to 360 months imprisonment. On August 6, 1999, he filed a direct appeal with the Eighth Circuit Court of Appeals.

Warren raised two issues on appeal: the search and seizure of evidence from a duffel bag containing drugs that he had abandoned; and the use of the coat and hat he wore as evidence in the government's case-in-chief. On July 11, 2000, the Eighth Circuit affirmed his conviction and sentence. See United States v. Warren, 221 F.3d 1345 (8th Cir. 2000). On October 20, 2000, Warren filed the § 2255 motion now before the Court.

II. Discussion

Warren claims ineffective assistance of counsel at sentencing because the government failed to prove that he possessed crack cocaine rather than powder cocaine; that he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); and ineffective assistance of counsel at his suppression hearing because his counsel did not call him as a witness.

Warren also alleges that he failed to raise these claims on direct appeal because of the ineffective assistance of counsel on appeal. He does not identify, however, any deficient performance or prejudice resulting therefrom.

A. Proof of Crack Cocaine

Warren did not raise this claim on direct appeal. Although he asserts ineffective assistance of counsel, this claim challenges

his sentence for possessing crack rather than powder cocaine. His claim fails, however, because a "claim that all of a crime's statutory elements were not proven is not a constitutional claim for the purposes of collateral attack." Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). And a "petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." Id. Therefore, this claim is barred on collateral review.

Even if the Court were to consider this claim on its merits, however, Warren would still have to show cause and prejudice excusing his procedural default. See United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001). He fails to demonstrate either.

His petition asserts he failed to raise this claim on direct appeal because of ineffective assistance of counsel. The Court finds, however, that counsel was not ineffective for failing to raise this claim on appeal, under the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Warren does not indicate that he asked his attorney to raise this claim. Second, the claim itself fails on its merits, and his counsel was not ineffective for failing to raise a meritless claim.

In the view of the jury, as well as the Court, the government met its burden of proof at trial that the controlled substance involved was cocaine base rather than powder. At trial, Stephen Banning, a chemist employed by the City of St. Paul, testified that

184 grams of the controlled substance was cocaine base, or "crack," as defined in the United States Sentencing Guidelines. Therefore, the Court finds petitioner fails to show that his counsel was ineffective or that he suffered prejudice therefrom.

B. Apprendi v. New Jersey

Warren next claims his sentence violated the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). This claim fails, too, because Apprendi affords him no relief. The United States Supreme Court found in Teague v. Lane that only "watershed" rules of criminal procedure apply retroactively to cases on collateral review. 489 U.S. 288, 312 (1989). The Eighth Circuit Court of Appeals has concluded that Apprendi is not a "watershed" rule. Moss, 252 F.3d at 997("[W]e hold today that Apprendi is not of watershed magnitude and that Teague bars petitioners from raising Apprendi claims on collateral review."). Therefore, because petitioner was sentenced before the Supreme Court's decision in Apprendi, the Apprendi decision does not apply to his sentencing on collateral review.

C. Ineffective Assistance of Counsel at Suppression Hearing

Finally, Warren claims his counsel was ineffective for failing to call him as a witness at the suppression hearing. Specifically, he claims, "Although counsel had full knowledge of the fact that the Petitioner had laid his luggage down, with the full intentions of retrieving it, counsel failed to have the Petitioner testify at

the suppression hearing; the Petitioner lost the hearing due to a finding of abandonment." This claim is not procedurally barred, but it fails on its merits.

In Strickland v. Washington, the United States Supreme Court established the two-pronged standard used to evaluate claims of ineffective assistance. 466 U.S. 668 (1984). Strickland requires petitioner to establish, first, that his "counsel's representation [fell] below an objective standard of reasonableness," such that he was not functioning as counsel; and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different," such that the proceedings were rendered fundamentally unfair or unreliable. Id. at 687-94. The Court applies a deferential standard of review and presumes counsel's representation to be competent. Id. at 689. The Court finds petitioner has failed to show his counsel was ineffective at trial or on appeal, or that he suffered prejudice therefrom.

First, Warren's counsel was fully effective. As a result of his counsel's efforts, the Court suppressed evidence obtained from Warren himself following his police detention. Second, if Warren's counsel had called him as a witness to testify as to his presently-claimed intent to retrieve the duffel bag, the result would not have been different. Thus, there is no prejudice. Warren's direct appeal squarely confronted the abandonment question: the appellate

court ruled, "Because Warren left the bag hanging over a fence in a stranger's yard and then walked away, he 'objectively relinquished his expectation of privacy in the bag.'" United States v. Warren, 221 F.3d 1345 (8th Cir. 2000) (unpublished decision). The Eighth Circuit further explained,

> Contrary to Warren's view, neither his alleged intent to retrieve the bag nor his argument that he did not verbally deny ownership of the bag before the police searched it is 'relevant to the issue of whether the objective facts available to the officers support a finding that [Warren] abandoned the bag' by physically relinquishing it.

Id. Therefore, even if his attorney called him to testify, his subjective intent regarding the bag's objective abandonment would have been legally irrelevant to the court's determination.

Finally, the Court denies Warren's request for an evidentiary hearing. "An evidentiary hearing on a § 2255 petition may be denied only if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Saunders, 236 F.3d 950, 952 (8th Cir. 2001) (quoting 28 U.S.C. § 2255). For the foregoing reasons, there is no question that Warren is not entitled to relief in this case.

D. Certificate of Appealability

The Court has further considered whether issuance of a Certificate of Appealability is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised in this motion is "debatable among reasonable

jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Thus, petitioner has not made "a substantial showing of the denial of a constitutional right," and no certificate will issue. 28 U.S.C. § 2253(c)(2).

III. Conclusion

For the foregoing reasons, Warren is not entitled to relief. Accordingly, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied. [Docket No. 72.]

2. Petitioner's motion for an extension of time in which to reply to the government's response to his § 2255 motion is denied. [No. 78.]

3. Petitioner's motion for leave to again supplement his § 2255 motion is denied. [Docket No. 79.]

4. No Certificate of Appealability will issue in this case.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 28, 2002

JAMES M. ROSENBAUM
United States Chief District Judge